UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Surf's Up, LLC, )<br>)<br>　　　　　　　　　Plaintiff, )<br>　　vs. )<br>)<br>Rick Rahim, Myrtle Laser Tag, LLC, )<br>and BusinessVentures.com, LLC, )<br>)<br>　　　　　　　　Defendants. )<br>_____ ) | Civil Action No.: 4:14-cv-04706-BHH<br><br>**Opinion and Order** |

This matter is before the Court on the motion of Defendants, Rick Rahim, Myrtle Laser Tag, LLC, and BusinessVentures.com, LLC, to dismiss for lack of jurisdiction (ECF No. 13); on the motion of the Defendants to set aside default (ECF No. 16); on the motion of Plaintiff, Surf's Up, LLC, for a preliminary injunction (ECF No. 21); and on the motion of Defendants' attorney, Benjamin Adair Parker, to withdraw as counsel for Defendants (ECF No. 24). For the reasons briefly set forth below:

1. the motion to withdraw (ECF No. 24) is granted;
2. the motion to set aside default (ECF No. 16) is granted;
3. the motion to dismiss (ECF No. 13) is denied; and
4. the motion for a preliminary injunction (ECF No. 21) is denied.

### 1. **Motion to Withdraw**

Defense counsel Benjamin A. Parker has moved to be relieved as attorney for the Defendants. This Court finds that good cause exists for counsel to be relieved and that, given the apparent breakdown in communications between Defendants and Mr. Parker, it is in the best interest of Defendants for Mr. Parker to cease his representation in this matter. This Court finds that counsel has timely moved to be relieved and that the

1

corporate defendants have been informed that they cannot proceed without counsel or they may be held in default. Therefore, the motion to withdraw is granted and the corporate defendants, Myrtle Laser Tag, LLC, and BusinessVentures.com, LLC, must obtain counsel within the next forty-five (45) days. Further, the above captioned action is stayed for a period of 45 days in order for the defendants to obtain other counsel. The clerk's office is instructed to send by certified mail, return receipt requested, a copy of this order to Defendants, to their respective addresses set forth in the Certificate of Consultation.

## 2. Motion to Set Aside Default

As both parties acknowledge,[1] the Court has considerable discretion to set aside entry of default. *Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967) (describing a motion to set aside default as a matter that "lies largely within the discretion of the trial judge"). Moreover, there is a strong policy favoring the adjudication of disputes on their merits. *See, e.g., Colleton Prep. Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). "When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006).

The Court finds that Defendants may have a meritorious defense, and that while the default appears to be a consequence of a miscommunication between Defendants and their counsel, Defendants acted with promptness once they discovered the error.

---

[1] *See* ECF No. 16-1 at 5-6; ECF No. 19 at 2-3.

The Court does not believe that setting aside the default will unduly prejudice Plaintiff and there does not appear to be a history of dilatory action. If any sanction is warranted, it is probably simply requiring Defendants to reimburse Plaintiff for the cost of obtaining the default. Accordingly, the Court will set aside the default as requested. Plaintiff may submit a petition for attorneys' fees and costs incurred in obtaining the default, which the Court will consider.

### 3. Motion to Dismiss

The Court has reviewed the motion to dismiss and finds it to be a combination of factual claims that are inappropriate for consideration at this stage and conclusory assertions about the inadequacy of the complaint. Specifically, Defendants claim that Trease Walden, who is allegedly a 50% owner of Plaintiff Surf's Up, LLC, opposes the litigation and was not consulted prior to it being filed. Defendants argue that, under such circumstances, the litigation cannot be maintained by Plaintiff. Unfortunately, the Court cannot make a determination of whether the suit can go forward on the record before it. Accordingly, the motion to dismiss is denied. Once Defendants have obtained substitute counsel, Defendants may request that the Court order expedited discovery and briefing on the issue of who has the right to litigate on behalf of Plaintiff.

### 4. Motion for Preliminary Injunction

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Resources Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also Pashby v. Delia*, 709 F.3d 307, 319 (4th Cir. 2013) ("Because preliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power, this Court should be particularly exacting in its use of the abuse of discretion standard when it

reviews an order granting a preliminary injunction." (quotation marks and citation omitted)). To obtain a preliminary injunction, the moving party must establish: "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Winter*, 555 U.S. at 20. The party seeking the injunction bears the burden to establish each of these elements by a "clear showing." *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009).[2]

Defendants argue, *inter alia*, that Plaintiff is unlikely to prevail on its claims for trademark infringement because Trease Walden, who allegedly owns 50% of Plaintiff Surf's Up, LLC, gave Defendant permission to use the trademark due to the fact that Surf's Up, LLC is no longer operating. Indeed, in their motion to dismiss, Defendants question whether Surf's Up, LLC can even bring the suit because a party who allegedly owns 50% of Plaintiff opposes the litigation. As noted above, the Court declines to dismiss the action on the contested facts before it, and, instead, will afford the parties the opportunity to develop a factual record to determine whether the action can be maintained. However, given the uncertainty about who has the right to control the Plaintiff, its assets, and its litigation, the Court cannot find at this point that Plaintiff is

---

[2] To establish trademark infringement under the Lanham Act, the plaintiff must prove: "(1) that it owns a valid mark; (2) that the defendant used the mark 'in commerce' and without plaintiff's authorization; (3) that the defendant used the mark (or an imitation of it) 'in connection with the sale, offering for sale, distribution, or advertising' of goods or services; and (4) that the defendant's use of the mark is likely to confuse consumers." *Rosetta Stone Ltd. v. Google, Inc.*, 676 F.3d 144, 152 (4th Cir. 2012) (internal citations omitted).

5

likely to prevail on the merits. Accordingly, the motion for a preliminary injunction is denied.

## CONCLUSION

For the reasons set forth above, the motion to withdraw (ECF No. 24) is **GRANTED**; the motion to set aside default (ECF No. 16) is **GRANTED**; the motion to dismiss (ECF No. 13) is **DENIED**; and the motion for a preliminary injunction (ECF No. 21) is **DENIED**. The action is stayed for forty-five (45) days to allow the corporate defendants to obtain substitute counsel.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

March 21, 2016
Florence, South Carolina