IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Surf's Up, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 4:14-4706-BHH-KDW |
| v. | ) | |
| | ) | |
| Rick Rahim, Myrtle Laser Tag, LLC, | ) | **ORDER** |
| and BusinessVentures.com, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Surf's Up, LLC, filed this trademark action on December 12, 2014.  On February 27, 2015, Plaintiff filed a request for entry of default as to Defendant Myrtle Laser Tag, LLC, ("Myrtle Laser") and the Clerk granted Plaintiff's request on March 2, 2015.  Less than a month later, Myrtle Laser filed a motion to set aside default, and all Defendants filed a motion to dismiss the action, or in the alternative, for a more definite statement.  Plaintiff then filed a motion for preliminary injunction.  On February 18, 2016, Defendants' attorney, Benjamin A. Parker, moved to be relieved as counsel based on an alleged breakdown in communication between attorney and client.

On March 21, 2016, this Court entered an order granting counsel's motion to withdraw; granting Myrtle Laser's motion to set aside the entry of default; denying Defendants' motion to dismiss; and denying Plaintiff's motion for a preliminary injunction. In its order, the Court instructed the corporate Defendants, Myrtle Laser and BusinessVentures.com, LLC ("Business Ventures") that corporate defendants cannot proceed pro se in this Court and that they needed to obtain new counsel within 45 days. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194,

201-02 (1993). Certified mail receipts indicate that Defendants received the Court's March 21 order. (ECF Nos. 36-38.)

Based on Defendant Rick Rahim's ("Rahim") pro se status, the Court referred the matter to a United States Magistrate Judge for preliminary determinations, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). On March 24, 2016, Magistrate Judge Kaymani D. West issued an order directing Rahim to notify the Court in writing of any change of address and again instructing the corporate Defendants that they must obtain substitute counsel by May 5, 2016. The Magistrate Judge specifically instructed the corporate Defendants that if they failed to obtain counsel, she would recommend that default be entered against them. The Clerk of Court served the March 24 order on each Defendant by regular mail. The order sent to BusinessVentures was returned as undeliverable, but it appears that Defendants Rahim and Myrtle Laser received the March 24 order. When the corporate Defendants failed to obtain new counsel by the deadline, or to otherwise communicate with the Court, the Magistrate Judge entered a Report and Recommendation ("Report"), outlining the history of this case and recommending that default be entered against Defendants Myrtle Laser and BusinessVentures.

The Clerk of Court mailed a copy of the Magistrate Judge's Report to all Defendants' last known addresses by regular and certified mail. It appears that the Report was served on Defendant Rahim but was returned as undeliverable as to Defendants Myrtle Laser and BusinessVentures. Accordingly, on October 12, 2016, the Magistrate Judge entered a text order instructing the Clerk of Court to resend the Report by both regular and certified mail to all Defendants at their last known address and to the principal office for

BusinessVentures, LLC, at P.O. Box 1170 in Great Falls, Virginia, 22066-8170. The Magistrate Judge also reset the time for filing objections to the Report, giving Defendants until October 31 to do so. On October 31, 2016, however, the most recent order was returned as undeliverable to Defendant Myrtle Laser.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a review of the record, the corporate Defendants have failed to obtain new counsel or otherwise communicate with the Court, and no party has filed objections to the Magistrate Judge's Report. Ultimately, because Defendants Myrtle Laser and BusinessVentures have failed to comply with the Court's instructions, have failed to obtain new counsel, and have failed to file objections to the Magistrate Judge's Report, the Court agrees with the Magistrate Judge that an entry of default is warranted against the corporate Defendants. Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report (ECF

3

No. 43) is **ADOPTED**.  The Clerk of Court shall enter default against Defendants Myrtle

Laser and BusinessVentures, and this matter shall be referred to the Magistrate Judge for

further proceedings as to Defendant Rahim.

      **IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

November 7, 2016
Charleston, South Carolina