IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Surf's Up, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Rick Rahim, Myrtle Laser Tag, LLC, ) <br> and BusinessVentures.com, LLC, ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No. 4:14-4706-BHH <br><br> **ORDER** |

Plaintiff Surf's Up, LLC, filed this trademark action on December 12, 2014. On February 27, 2015, Plaintiff filed a request for entry of default as to Defendant Myrtle Laser Tag, LLC, ("Myrtle Laser") and the Clerk granted Plaintiff's request on March 2, 2015. Less than a month later, Myrtle Laser filed a motion to set aside default, and all Defendants filed a motion to dismiss the action, or in the alternative, for a more definite statement. Plaintiff then filed a motion for preliminary injunction. On February 18, 2016, Defendants' attorney, Benjamin A. Parker, moved to be relieved as counsel based on an alleged breakdown in communication between attorney and client.

On March 21, 2016, this Court entered an order granting counsel's motion to withdraw; granting Myrtle Laser's motion to set aside the entry of default; denying Defendants' motion to dismiss; and denying Plaintiff's motion for a preliminary injunction. In its order, the Court instructed the corporate Defendants, Myrtle Laser and BusinessVentures.com, LLC ("Business Ventures") that corporate defendants cannot proceed pro se in this Court and that they needed to obtain new counsel within 45 days. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194,

201-02 (1993). Certified mail receipts indicate that Defendants received the Court's March 21 order. (ECF Nos. 36-38.)

Based on Defendant Rick Rahim's ("Rahim") pro se status, the Court referred the matter to a United States Magistrate Judge for preliminary determinations, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). On March 24, 2016, Magistrate Judge Kaymani D. West issued an order directing Rahim to notify the Court in writing of any change of address and again instructing the corporate Defendants that they must obtain substitute counsel by May 5, 2016. The Magistrate Judge specifically instructed the corporate Defendants that if they failed to obtain counsel, she would recommend that default be entered against them. The Clerk of Court served the March 24 order on each Defendant by regular mail. The order sent to BusinessVentures was returned as undeliverable, but it appears that Defendants Rahim and Myrtle Laser received the March 24 order. When the corporate Defendants failed to obtain new counsel by the deadline, or to otherwise communicate with the Court, the Magistrate Judge entered a First Report and Recommendation ("First Report"), outlining the history of this case and recommending that default be entered against Defendants Myrtle Laser and BusinessVentures.

On November 7, 2016, this Court adopted the First Report, the clerk entered default against Defendants Myrtle Laser and BusinessVentures, and this matter was referred back to Magistrate Judge West for further proceedings against Defendant Rahm. (ECF Nos. 61, 62).

On February 21, 2017, Magistrate Judge West issued a Second Report and Recommendation ("Second Report") recommending that default be entered against

Defendant Rick Rahim for failure to respond to the complaint and failure to communicate with the court (ECF No. 74), despite being ordered again to do so in a text order entered on November 29, 2016 (ECF No. 65).  While previous orders entered in this case were returned as undeliverable, delivery of the November 29th Order was accepted by an individual named "Brenda Rahim."

The Clerk of Court mailed a copy of the Magistrate Judge's Report to all Defendants' last known addresses by regular and certified mail.  On March 9, 2017, the Second Report was returned as undeliverable to Defendant Myrtle Laser. (ECF No. 76.)  Defendant Rahim has not filed any objections to the Second Report, and the time for doing so expired on March 10, 2017.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a review of the record, the Court agrees with the Magistrate Judge that an

3

entry of default is warranted against Defendant Rick Rahim. Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Second Report (ECF No. 74) is **ADOPTED**. The Clerk of Court shall enter default against Defendant Rick Rahim.

    **IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

March 22, 2017
Greenville, South Carolina