IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Surf's Up, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 4:14-cv-4706-BHH |
| v. | ) | |
| | ) | |
| Rick Rahim; Myrtle Laser Tag, LLC; | ) | **ORDER** |
| and BusinessVentures.com, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court upon Plaintiff's complaint alleging trademark claims pursuant to the Lanham Act, 15 U.S.C. §§ 1051–1141n, and common law claims for "trademark infringement and deceptive trade practices." (ECF No. 1 at 1.) Currently pending before the Court is Plaintiff's motion for default judgment (ECF No. 87). On November 14, 2017, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), Magistrate Judge Kaymani D. West issued a report and recommendation ("Report") outlining the issues and recommending that the Court grant Plaintiff's motion for default judgment. Attached to the Report was a notice advising the parties of their right to file written, specific objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

## BACKGROUND

Plaintiff served Defendant Myrtle Laser Tag, LLC ("Myrtle Laser Tag") by certified mail with a summons and complaint on January 27, 2015. Myrtle Laser Tag did not timely answer or otherwise respond to the complaint, and Plaintiff requested that the Clerk of Court enter default as to Myrtle Laser Tag, which the Clerk did on February 27, 2015. (ECF

No. 12.) On March 12, 2015, attorney Benjamin Parker appeared and filed a motion to dismiss on behalf of Defendants Myrtle Laser Tag, BusinessVentures.com LLC ("BusinessVentures.com"), and Rick Rahim ("Rahim"). (ECF No. 13.) On March 26, 2015, Parker also filed a motion to set aside the entry of default as to Myrtle Laser Tag. (ECF No. 16.) Plaintiff's counsel responded to the pending motions and filed a motion for preliminary injunction, to which Defendants responded on May 18, 2015, and Plaintiff replied on May 29, 2015.

On February 18, 2016, Parker filed a motion to withdraw as counsel for all Defendants. On March 21, 2016, the Court granted Parker's motion to be relieved as counsel and granted Surf's Up's motion to be relieved from entry of default. The Court stayed the matter for 45 days to "allow the corporate defendants [Myrtle Laser Tag and BusinessVentures.com] to obtain substitute counsel." (ECF No. 25 at 3-4.) In that same order, the Court denied Defendants' motion to dismiss and Plaintiff's motion for a preliminary injunction, finding that it was unable to determine the issues on the record then before it. (*Id.*)

Because the case included pro se litigants, the matter was referred to Magistrate Judge West for pretrial handling. On March 24, 2016, Magistrate Judge West issued an order instructing the corporate Defendants to obtain counsel on or before May 5, 2016, and specifically advising the corporate Defendants that corporations are not permitted to represent themselves in South Carolina, and that a failure to obtain counsel "could have serious consequences, including, but not limited to, striking a defense, striking a pleading, and/or holding the party in default." (ECF No. 32 at 1-2.) The Magistrate Judge also advised Defendant Rahim that he could proceed pro se but that he must comply with the

Court's rules and orders. No counsel appeared on behalf of Defendants Myrtle Laser Tag and Businessventures.com, nor did Defendant Rahim submit additional pleadings in this matter. Therefore, on June 21, 2016, Magistrate Judge West issued a Report recommending that an entry of default be entered against Defendants Myrtle Laser Tag and BusinessVentures.com for failure to appear through counsel by the required deadline and for failure to otherwise communicate with the Court. (ECF No. 43.)

The Court adopted the Magistrate Judge's Report on November 7, 2016, and the Clerk entered default as to those Defendants the same day. (ECF No. 62.) As Defendant Rahim did not respond to the Court's orders or otherwise respond to the complaint, on February 21, 2017, the Magistrate Judge also recommended that the Clerk of Court be instructed to enter default as to Rahim. (ECF No. 74.) On March 22, 2017, the Court issued an Order instructing the Clerk of Court to enter default against Rahim, which the Clerk did the same day. (ECF Nos. 80 and 81.)

On April 10, 2017, Plaintiff filed its motion for default judgment, and Defendants were served with the motion on April 26, 2017; affidavits of service for each Defendant were filed on May 2, 2017. (ECF Nos. 89 and 90.) On August 8, 2017, Magistrate Judge West set a hearing for October 18, 2017, and instructed Plaintiff to file a supplemental memorandum outlining its establishment of the elements of its claims and the relief it seeks, and advising pro se Defendant Rahim that he could file a response by October 2, 2017, if he so chose, and that Defendants Myrtle Laser Tag and BusinessVentures.com could file a response through counsel. (ECF No. 93.) The order was sent to all Defendants at their last known addresses by both regular and certified mail. Although the copies of the order sent to Myrtle Laser Tag were returned as undeliverable, the certified-mail copies of the order sent

3

to Rahim and BusinessVentures.com were signed for by Rahim and by an individual on behalf of BusinessVentures.com. (ECF Nos. 101 and 102.) Plaintiff submitted the requested supplemental briefing, but no Defendant has filed any response to Plaintiff's motion for default judgment. Nor has any Defendant otherwise submitted anything to the Court since the filing of the motion.

The Magistrate Judge held a hearing on the motion on October 18, 2017, at which counsel for Plaintiff appeared. No one appeared on behalf of any Defendant. At the Court's request, Plaintiff provided an affidavit with details of specific damages sought as well as supplemental briefing as to attorneys' fees and costs sought. (ECF No. 107.)

After considering Plaintiff's arguments and the evidence of record, the Magistrate Judge issued a 25-page Report on November 14, 2017, thoroughly outlining the issues and recommending that the Court grant Plaintiff's motion for default judgment.

## **DISCUSSION**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must

'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's findings and conclusions as to Plaintiff's motion for default judgment.

Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 112) and incorporates it herein by specific reference. As such, the Court grants Plaintiff's motion for default judgment (ECF No. 87) and issues a permanent injunction enjoining Defendants Rick Rahim; Myrtle Laser Tag, LLC; and BusinessVentures.com, LLC, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and/or entities owned or controlled by Defendants, and all those in active concert or participation with Defendants, and each of them who receives notice directly or otherwise of such injunction from:

> a) using the Surf's Up Trademark ("Trademark"), or any other trademarks that are confusingly similar to the Trademark, for retail products, or making any other unlawful use of the Trademark or any other trademarks owned by Surf's Up;
>
> b) performing any act which is likely to lead members of the trade or public to believe that any product manufactured, imported, distributed, offered for sale, or sold by Defendants is in any manner associated or connected with Surf's Up, or is licensed, sponsored, approved, or authorized by Surf's Up;
>
> c) engaging in any other activity constituting infringement of the Trademark;
>
> d) taking any action, including the unauthorized use of the Trademark, that dilutes the unique association between the Trademark and Surf's Up, or that tarnishes the reputation or image of Surf's Up;
>
> e) disposing of, destroying, altering, moving, removing, concealing,

tampering with, or in any manner secreting any business records (including computer records) of any kind, including invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to any retail services offered in connection with the Trademark, or any mark or designation that is confusingly similar to any of the Trademark;

f) instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above.

g) ordering, pursuant to 15 U.S.C. § 1116(a)(d)(1)(A), that all counterfeit and infringing merchandise and materials bearing any of Surf's Up's trademark(s) be impounded.

The Court further orders that judgment be entered jointly and severally against all Defendants for the following:

(a) monetary damages in the amount of $1,605,208.33;

(b) attorney's fees in the amount of $200,000.00; and

(c) costs in the amount of $1,536.49.

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce H. Hendricks
United States District Judge

December 5, 2017
Charleston, South Carolina